## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **THOMAS M. SMITH, #Y11769,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-02483-SMY** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **DR. GENTRY, and** | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM & ORDER

**YANDLE, District Judge:**

Now before the Court is Plaintiff Thomas Smith's Motion for Preliminary Injunction (Doc. 29) filed April 24, 2025 and Motion to Supplement (Doc. 52) filed June 17, 2025. Plaintiff seeks a Court Order requiring Pinckneyville Correctional Center's prison optometrist, Dr. Gentry, to evaluate and treat headaches and eye pain associated with his astigmatism. (Doc. 29). However, Plaintiff is neither housed at Pinckneyville nor under the care of Dr. Gentry. (*See* Docs. 42 and 53). Plaintiff's request for a preliminary injunction is therefore **DENIED**.

### Background

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while housed at Pinckneyville Correctional Center. (Doc. 1). In the Complaint, Plaintiff alleges that he was diagnosed with a progressive astigmatism at Shawnee Correctional Center and that the astigmatism causes extreme light sensitivity, headaches, and eye pain with light exposure. To limit his light exposure, Shawnee's eye doctor allegedly added transition lenses to Plaintiff's eyeglass prescription in September 2023, and Dr. Gentry, Pinckneyville's eye doctor, approved the prescription for transition lenses when he transferred there. *Id*.

1

Plaintiff never received the transition lenses, and he claims this is because the Regional Director of Wexford Health Sources, Inc. intervened and denied them as unnecessary to save on the cost of inmate medical care. He also claims that when he pressed for the transition lenses, Dr. Gentry agreed to prescribe them a second time but never did so, and that he ignored Plaintiff's complaints of extreme light sensitivity, sun blindness, eye pain, and headaches. *Id*.

Following screening of this matter under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed with an Eighth Amendment claim against Wexford for intervening and denying Dr. Gentry's initial prescription for Plaintiff's transition lenses in order to save on the cost of inmate medical care (Count 1) and an Eighth Amendment claim against Dr. Gentry for denying Plaintiff's second prescription for transition lenses while also failing to treat his extreme light sensitivity, sun blindness, headaches, eye pain, and vision impairment at Pinckneyville (Count 2).

## Discussion

Plaintiff filed a Motion for Temporary Restraining Order (TRO) and/or Preliminary Injunction (Doc. 29) on April 24, 2025, requesting a court order requiring Dr. Gentry to evaluate him and prescribe pain relievers for headaches and eye pain. Plaintiff's request for a TRO was denied on April 28, 2025 because Plaintiff admitted that he was scheduled for an appointment with the eye doctor and received treatment for his pain at Pinckneyville. *Id*. (Doc. 31). The Court nevertheless ordered Defendants to file a Response to Plaintiff's Motion for Preliminary Injunction. Dr. Gentry and Wexford filed Responses in opposition to the pending motion on June 4, 2025. (Docs. 45, 46). Plaintiff then moved to supplement his motion (Doc. 52), and Dr. Gentry filed a Supplemental Affidavit (Doc. 53).

When deciding whether to issue a preliminary injunction, the Court must determine whether the plaintiff has demonstrated that (1) he has some likelihood of prevailing on the merits

2

of his claim; (2) he will suffer irreparable harm if he does not obtain the requested relief; and (3) traditional legal remedies are inadequate. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citation omitted). If Plaintiff satisfies these requirements, the Court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Id.* at 818. When doing so, the Court takes a "sliding scale" approach; the more likely Plaintiff is to win on the merits, the less the balance of harm needs to weigh in his favor. *Id.*

The Court need not undertake this analysis, however, because Plaintiff's request for injunctive relief against Dr. Gentry is moot. A request for preliminary injunctive relief becomes moot when a prisoner who is seeking relief for conditions of confinement at a prison is transferred without a realistic possibility of returning to the facility. *Tolentino v. Baker*, 679 F. App'x 503 (7th Cir. 2017); *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Here, Plaintiff seeks relief against Dr. Gentry for the alleged denial of medical care and requests an examination and treatment for headaches and pain by the eye doctor at Pinckneyville. However, Plaintiff is no longer housed at Pinckneyville. He filed a Notice of Address Change on May 27, 2025, confirming that he transferred from Pinckneyville to Big Muddy River Correctional Center (BMRCC) on May 21, 2025. (Doc. 42). He describes no plans for returning to Pinckneyville and no possibility that the transfer decision will be revoked.

Moreover, Dr. Gentry does not provide services to inmates at BMRCC. (Doc. 53). In a Supplemental Affidavit (Doc. 53) filed June 18, 2025, Dr. Gentry describes his current and future obligations to treat inmates at BMRCC. He states, "I do not provide optometric services at Big Muddy River Correctional Center, have not done so in the past, and have not been hired to do so commencing at any time in the future." *Id.*

3

For the foregoing reasons, Plaintiff's request for preliminary injunctive relief against Dr. Gentry is **MOOT**, and Plaintiff's Motion for Preliminary Injunction (Doc. 29) and Motion to Supplement (Doc. 52) are **DENIED**.

**IT IS SO ORDERED**.

**DATED: 7/14/2025**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**